BOUTALL, Judge.
This is an appeal by a husband from a judgment of alimony in favor of his wife, arising out of a suit for divorce, in which the husband was granted judgment of divorce.
The evidence shows that Mrs. Lillian Mandle Rodrigue filed a petition for separation against her husband on the grounds of cruelty, and received a default judgment of separation in her favor. After a lapse of more than one year and sixty days, Mr. Rodrigue filed a suit for divorce based on lack of reconciliation since the judgment of separation. Mrs. Rodrigue answered that petition seeking dismissal of the suit, but in the alternative in reconvention she alleged that she was without fault and entitled to permanent alimony. Trial was had, and on the issue of divorce, the trial judge awarded judgment in favor of Mr. Rodrigue granting a divorce. At the same time, he granted judgment in favor of Mrs. Rodrigue, finding her to be without fault, and awarded her alimony at the rate of $30.00 per week. Mr. Rodrigue appeals only from the award of alimony, and the issue posed herein is his liability for payment under Civil Code Article 160. He does not dispute the amount awarded.
The question before us is whether the wife was free from fault, and it is purely a question of fact in this instance. Each party introduced evidence, which we here summarize. Mrs. Rodrigue contends that *821 she was a good and faithful wife, and always fulfilled her marital obligations in this respect. She alleges that her husband was frequently absent from home over night, and that on several occasions she caught him in the company of other women. After hearing from several people that her husband was not always engaged in working as a cab driver as he professed, but was in fact going around with other women, Mrs. Rodrigue undertook to investigate these charges. On June 11, 1970, after receiving such information, she discovered her husband hugging and kissing another woman in an automobile in front of the Voodoo Lounge in Gretna late at night. Shortly thereafter she surprised her husband and the same woman alone at the woman’s house, at a time when the woman was dressed only in night clothes.
Within several days of the first event, she testifies that she found her husband in De la Houssaye’s Lounge in Metairie with his arm around another woman, hugging her. As a result of these episodes, she and her husband engaged in several arguments wherein she attempted to get him to mend his ways. Instead, he informed her that since he was found out, he did not intend to support her any more and insisted that she leave the matrimonial domicile for two weeks while he attempted to' determine whether he wished to continue to live with her. After this two week period she returned on her own volition, whereupon he immediately packed his belongings and left the matrimonial domicile. The parties never reconciled.
As opposed to this, Mr. Rodrigue testified that he was a hard working husband who always provided for his wife, and explained that his absences late at night were due to his extra work as a cab driver. He insists that he has never been unfaithful, and that in each instance above referred to, he was unjustly accused. His companion at the Voodoo Club was the wife of a good friend with whose entire family he was acquainted and with whom -he had very social and friendly relations as on this particular night. His wife however would not listen to his explanation but beat him over the head v/ith her purse and later went home, slashing his clothing to pieces with a razor and beat his automobile with a broomstick. On the other occasion at De la Houssaye’s he chanced upon a co-worker who was present with his wife, and was engáged in friendly conversation with them when his wife burst upon the scene again beating him over the head with her purse. He denies that he told his wife to leave the matrimonial domicile, but to the contrary, insists that he knew of no reason why she left because he was not at fault. He informs us that the reason he left the matrimonial domicile later was because the wife visited the premises while he was at work and cleaned all of the furniture out of the place, leaving him no furniture to live with, thus causing him to leave this rented abode for a furnished apartment.
The trial court in his reasons for judgment on the question of fault stated that he had the conflicting testimony of the husband and wife before him, that he weighed the evidence presented and made his findings based on what he believed to be the credibility of the witnesses and the other factors surrounding the case. He then particularly found the facts to be as testified to by Mrs. Rodrigue and found that she was free from fault. An examination of the evidence convinces us that the trial judge was correct. It is of course a basic rule of our jurisprudence that the findings of the trial judge are to be given great weight, and should not be disturbed by us unless there is a clear and manifest abuse of discretion. Especially is this true where a question of credibility of the witnesses is involved, and the trial judge has had the opportunity to see, hear and observe the witnesses while we have before us only their recorded testimony.
Nevertheless in this case Mrs. Rodrigue has produced two witnesses who corroborate her testimony in considerable portion. Both of these witnesses testify that she was a good housekeeper and a good wife, *822 but that her husband frequently stayed away overnight despite her concern over this. Both testify to the physical events of the separation, that is, that Mrs. Rodrigue was required to leave by her husband, ostensibly temporarily, and that she returned to the matrimonial domicile, and it was at that time that her husband left. The furniture was not taken from the house until later, when Mrs. Rodrigue, because of lack of funds, secured aid from her family. Additionally, one of these witnesses testified as to seeing Mr. Rodrigue in the company of other females. As opposed to this corroboration, Mr. Rodrigue produced no witnesses on his behalf to corroborate the truth of his assertions, and the record is devoid of any explanation as to why he could not have provided any. Thus we find that the evidence actually preponderates in favor of Mrs. Rodrigue.
For the reasons hereinabove expressed, we are of the opinion that the judgment appealed from is correct, and we affirm that judgment at the cost of appellant.
Affirmed.